STATE OF MINNESOTA                DISTRICT COURT – CIVIL DIVISION

COUNTY OF OLMSTED                 THIRD JUDICIAL DISTRICT


Jerk King, Inc.,

                                     Court File No.:

              Plaintiff,

vs.


City of Rochester, and
Destination Medical Center Corporation,

              Defendants.

---

## COMPLAINT

---

The Plaintiff, for his civil action against the Defendants, and each of them, states and alleges as follows that:

<u>COUNT ONE.</u>

1.      At all times relevant herein, Plaintiff was business corporation organized and existing under the laws of the State of Minnesota with its registered office at 103-100 First Avenue Southwest in the City of Rochester, County of Olmsted, and State of Minnesota and, when open to the public, was a profitable business.

2.      At all times relevant herein, Defendant City of Rochester ("Rochester") was a public corporation organized and existing under the laws of the State of Minnesota.

1

3.      At all times relevant herein, Defendant Destination Medical Center Corporation ("DMC") was non-profit corporation organized and existing under the laws of the State of Minnesota and operated as a quasi-governmental organization with powers normally reserved for municipalities, powers it obtained by means of what amounted to a civil *coup d'etat*.

4.      At all times relevant herein, Plaintiff, to the extent possible, operated a full-service restaurant, including in-person dining, named Jerk King at the above address.

5.      The federal government closed all restaurants in the United States for in-person dining beginning in March, 2020 due to the COVID pandemic.

6.      Restaurants in Rochester, Minnesota were allowed to open for in-person dining on 11 January 2021.

7.      Defendants have deliberately and intentionally interfered with Plaintiff's reasonable expectation of economic advantage and benefit by preventing the public, by means of fences and other objects placed on the sidewalks adjacent to the restaurant, from entering Jerk King.

8.      Defendants knew that Jerk King would not have been opened if Plaintiff did not have an expectation of economic advantage and benefit.

9.      Defendants' interference with Plaintiff's economic advantage is independently tortious because they have, with their fences and other objects, trespassed upon Plaintiff's property rights as described above.

2

10.    In the absence of Defendants' wrongful interference with Plaintiff's prospective economic advantage, Plaintiff would have realized its economic advantage and benefits.

11.    Defendants have shown complete and total indifference to Plaintiff and the business it operates, have not offered any mitigation options to it, and appear intent on driving it, and other small businesses, from the central core of the City of Rochester.  Defendants, and each of them, know that no small business can exist for long under the conditions they have intentionally and deliberately imposed upon Plaintiff.

12.    As a direct result of Defendants' tortious and malicious conduct as described above, Plaintiff has been and continues to be damaged.

COUNT TWO.

13.    Plaintiff re-alleges COUNT ONE in the within Count.

14.    Defendants have, as described above, trespassed upon Plaintiff's property rights, all to Plaintiff's damages.

COUNT THREE

15.    Plaintiff re-alleges COUNTS ONE and TWO in the within Count.

16.    Defendants, and perhaps others, have conspired to trespass upon Plaintiff's property rights and to interfere with its prospective business advantage and benefit.

17.    As a direct result of Defendants' civil conspiracy, Plaintiff has been and continues to be damaged.

3

COUNT IV.

18.     Plaintiff re-alleges COUNT ONE – COUNT THREE in the within

Count.

19.     Defendants deliberate and intentional interference, of indetermi-

nate duration apparently persisting indefinitely into the future, with Plaintiff's

business and property rights constitutes a violation of recognized rights under the

5th and 14th Amendments to the Constitution of the United States and 42 U.S.C.

Sec. 1983, all to Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of
them, as follows:

1.     For compensatory damages in an amount in excess of $50,000 on each
       Count herein;

2.     For his attorney fees pursuant to 42 U.S.C. Sec. 1988(b);

3.     For pre-verdict interest as permitted by Minn. Stat. Sec. 549.09;

4.     For its costs and disbursements incurred herein; and,

5.     For such other and further relief as the court may deem just and equitable.

ACKNOWLEDGEMENT

The undersigned acknowledges, in accordance with Minn. Stat. Sec.
549.211(1), that costs, disbursements, and reasonable attorney and witness fees
may be awarded to the opposing party or parties pursuant to Minn. Stat. Sec.
549.211(2).

DATE:   6 November 2021

William L. French (#131945)
Attorney for Plaintiff
627 Woodhaven Court NE
Rochester, MN. 55906
507-280-6136 Office
507-990-0534 Direct
wlfrench@aol.com